IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TODD A. WILSON | : | CIVIL ACTION |
|     Petitioner | : | |
|   v. | : | |
| | : | |
| RAYMOND LAWLER, et al. | : | |
|     Respondents | : | No. 15-5375 |

**MEMORANDUM AND ORDER**

**AND NOW**, this 5th day of October 2015, having considered the *pro se* petition for a writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 by Todd A. Wilson, I make the following findings and reach the following conclusions:

1. Wilson is a state prisoner currently incarcerated in the Camp Hill State Correctional Institution in Pennsylvania. He is serving a sentence of 22 to 47 years of imprisonment for a 2005 conviction arising from crimes related to the armed robbery of a grocery store owner.

2. On September 23, 2009, Petitioner filed a *habeas corpus* petition in this court seeking relief from his 2005 state court conviction. I denied that petition on August 17, 2011. The United States Court of Appeals for the Third Circuit denied Wilson's request for a certificate of appealability on January 19, 2012.

3. In the instant *habeas* petition, Wilson argues that new evidence establishes his actual innocence of the crimes for which he was convicted in 2005. However, his petition is not properly before me. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that before a second or successive petition is filed in the district court, the prisoner must first move in the appropriate circuit court for an order authorizing the district court to consider the petition. 28 U.S.C. 2244(b)(3)(A); see also In re Minarik, 166 F.3d 591, 609 (3d Cir. 1999). Wilson has not received authorization from the Third Circuit Court of Appeals to file a successive *habeas* petition related to the instant conviction. As a result, his *habeas* petition must be dismissed.

Based upon the foregoing, **I HEREBY ORDER** that the petition is **DISMISSED WITH PREJUDICE AND WITHOUT A HEARING.**

**I FURTHER ORDER** that no certificate of appealability will be issued pursuant to 28 U.S.C. § 2253 because Petitioner has failed to make a substantial showing of a denial of a constitutional right.

The Clerk of Court is hereby directed to mark this case closed.

       /s J. William Ditter, Jr.
      J. WILLIAM DITTER, JR., J.